## Tillotson v. Leroy Township School District.

*School law — Transportation of pupils — Mandamus—Equity—Parties—
Parents—Act of May 13, 1925.*

1. Mandamus is a proper remedy to compel school directors to provide free transportation to pupils who are clearly entitled thereto.

2. Where such right of transportation exists, the father of the children has such private right in the subject-matter as to enable him to maintain a writ of mandamus in his own name.

3. In such case, the existence of remedy in equity is not a bar to a proceeding by mandamus.

4. Where a school district has been transporting children whose residence is more than one and one-half miles from the school, it may purchase land for playground purposes, even if such purchase shall incidentally lessen the distance from the residence to school grounds so as to make it less than one and one-half miles, and thereby relieve the district of transportation.

5. Land so purchased is "school ground" within the meaning of the Act of May 13, 1925, P. L. 628, amending section 1406 of the School Code, relating to the transportation of pupils.

Petition for mandamus. C. P. Bradford Co., Dec. T., 1925, No. 188.

*Lee Brooks*, for relator; *Lilley & Wilson*, for defendants.

CULVER, P. J., Feb. 1, 1926.—Nov. 9, 1925, relator, Denton Tillotson, presented a petition to this court to the above number and term, setting forth, *inter alia*, that he resides over one and one-half miles from the Van Fleet School, in said School District of Leroy Township, and there reside with him three minor children, all of proper school age, which children have been assigned by the Leroy School District to said Van Fleet School, and that said school district has neglected and refused to transport, or cause to be transported, the said pupils from his said premises to and from the said school, and praying the court to issue an alternative writ of mandamus accordingly.

The same day, Nov. 9, 1925, a writ of alternative mandamus was issued as prayed for, directing the board of school directors of said school district to transport said minor children of said relator as prayed for, or, not doing so, that they should show why they shall not so do, on Nov. 24, 1925, at 10 A. M.

Owing to the death of the late Judge Maxwell, said hearing was continued by agreement of all parties to Jan. 12, 1926, at which time the same was heard in court without the formal filing of a return by defendants, all parties agreeing that the matter be proceeded in on the oral statement of the questions in dispute.

Jan. 18, 1926, on application of the defendants, they were allowed to file an answer or return to said writ *nunc pro tunc* as of Nov. 24, 1925, and relator, upon his application, was permitted to amend his petition and the writ issued by making the defendants the "Board of School Directors of Leroy Township School District," and by declaring in said petition that the lot of land contained about one-half acre, which the evidence at the hearing disclosed was purchased by defendant school district Aug. 7, 1925, was not purchased for school purposes and does not constitute a part of the school grounds, and was purchased for the purpose of evading the law and avoiding transportation of relator's school children. All these amendments were allowed in order that the case might be properly disposed of upon its merits.

All parties agree that the case should be heard and disposed of by the court without submitting any disputed questions to a jury for determination.

It is admitted by all parties concerned that in the year 1919 the school directors, by proper action, closed the "Hoagland School," which was the

school on which school children then and theretofore living on the farm now occupied by the relator attended, and that when relator, in the year 1923, moved upon the farm where he now resides, his children were assigned by the said school board to the Van Fleet School, being the school to which he is now seeking to compel the school district to transport his children.

The said Hoagland School having been closed since May 18, 1911, and relator's children having been assigned to the Van Fleet School, the law is plain that such children would be entitled to free transportation by the school district if they reside one and one-half miles or more from the school ground of the Van Fleet School, to which they have been assigned.

Section 1406 of the School Code, as amended by the Act of May 13, 1925, P. L. 628, so provides. The same act amends section 1408 of the School Code by declaring how the said distance of one and one-half miles shall be ascertained, as follows (page 633) : "All such distances shall be computed by the public highway from the nearest point where a private way or private road connects the dwelling-house of the pupil with the said highway to the nearest point where said highway touches the school grounds of the school to which the pupil has been assigned."

Prior to this amendment, the School Code provided for ascertaining the distance to the school building instead of the nearest point of the school ground, as is provided by this amendment.

If a duty rests upon the defendant school district to transport relator's three children to and from the school in question, we think the relator has such a private right as entitles him to maintain this action in his own name without the consent or intervention of the district attorney.

The basic fact upon which he alleges this alleged right is that his children reside more than one and one-half miles from the Van Fleet School grounds. Defendants deny this allegation, and thus the real issue is made. It is conceded by all parties, and established by the evidence, that the nearest point of the Van Fleet School ground as it existed prior to Aug. 7, 1925, was ninety-five feet more than one and one-half miles from that point in the public highway where the path or lane leading from relator's dwelling-house intersected the same. It is likewise conceded and established by the evidence that the purchase of the one-half acre of land by defendant school district Aug. 7, 1925, and its annexation to the school ground, thereby enlarging the same, placed the nearest point of said school ground within one and one-half miles from the same point in said highway where relator's children joined it from their home.

Relator alleges that the purchase of this one-half acre of land was not for the *bona fide* purpose of enlarging and bettering the school ground, but was for the sinister purpose of relieving the school district from transportation of relator's children and to evade transportation of them. To sustain this contention, relator alleges the shape of the ground purchased and the topography of the same, together with the fact that the school district previously had transported his children, and in the summer of 1925 advertised for bids for such transportation for the present year, and that at the time of purchasing said land it had the distance from relator's home to the purchased land measured, together with evidence that one of the school directors, after purchasing the said land, stated that one of the purposes for purchasing the same was to relieve the school district from transporting relator's children, and that the same director on another occasion, in answer to a question, if it were not done for that purpose, admitted it was. The director in question

Tillotson v. Leroy Township School District.

was not present at the hearing, but it was agreed upon the record that if he were present he would deny having made such statement.

The school district, by its board of school directors, denies the allegation of the relator as to the purpose for which the ground was procured, and contends that it was done for the purpose of enlarging its playground, which the evidence shows was very small and of such contour that the playing of ball and other similar games necessitated the use of the public highways within a few feet of which the school building stood. Defendants, in support of their contention, offered the official record and the resolution of purchase of said land of Aug. 7, 1925, which resolution declares that the land was purchased for a playground.

The old school ground was very irregular in shape, and so small that few, if any, games could be played without encroaching upon the public highways. By purchasing the one-half acre Aug. 7, 1925, the west line of the said school ground was continued in a straight line to the southern boundary.

Defendants contend that the question of the *bona fides* of the purchase of land cannot be raised or determined in this mandamus proceeding, but must be done by a bill in equity. Our first impression was that this contention is right, but upon careful consideration of the same and examination of the authorities relating thereto, we are of opinion that a writ of mandamus is no longer such high prerogative writ as it was at common law, and that under the Act of June 8, 1893, P. L. 345, all questions involved in this case may be determined: Williamsport v. Citizens' Water and Gas Co., 232 Pa. 232.

We are not satisfied by the evidence in this case that defendants did not exercise an honest discretion in purchasing the additional ground for school purposes. It may be and probably is true that in purchasing said land defendants took into consideration the relieving of the school district from transporting relator's children, but we cannot find that the purchase of the land was for that sole and exclusive purpose and that the board of school directors acted unfairly, fraudulently or dishonestly in so doing.

The board of school directors unquestionably had the right to acquire such land as, in their discretion, was necessary and advisable for a proper and adequate playground for said school. This right is given by sections 601 and 602 and other sections of the School Code, the provisions of section 602 being as follows: "In order to comply with the provisions of this act, and subject to the conditions thereof, the board of school directors of each district is hereby vested with the necessary power and authority to acquire, in the name of the district, by purchase, lease, gift, devise, agreement, condemnation or otherwise, any and all such real estate, either vacant or occupied, including lands theretofore occupied by streets and alleys which have been vacated by municipal authorities, as the board of school directors may deem necessary to furnish suitable sites for school buildings and playgrounds for said district or *to enlarge the grounds* of any school property held by such district, etc."

It is, therefore, plain that the school directors had the right to enlarge the school playgrounds, and if the old grounds as they existed were inadequate, the directors had not only the right but it was their duty to enlarge the same. The law contemplates that there shall be suitable and adequate playgrounds for school children in the public schools. Section 604 of this School Code provides: "The location and amount of any real estate required by any school district for school purposes shall be determined by the board of school directors of such district, by a majority of all the members of such board: Provided, that no new school building shall hereafter be erected without a proper playground being provided therefor."

Tillotson *v.* Leroy Township School District.

And the sections immediately following provide for the taking of such grounds by right of eminent domain.

Relator concedes the right and authority of the school district to enlarge its school grounds, and concedes that the original school ground of this school was small, with little, if any, space adapted for playing purposes, but contends that no other conclusion can be arrived at, under the facts in the case, than that the purchase of Aug. 7, 1925, was made for the ulterior purposes before mentioned. The school directors deny this, and this is in reality the only question in dispute in the case.

It is presumed that the school directors acted from proper motives and in good faith, and exercised a sound and reasonable discretion, in purchasing the land for school purposes. The resolution passed by the board of directors so declares. There is no allegation that the size of the school lot as it now exists is unreasonable or any larger than is necessary for the school.

"It is to be presumed, however, in the absence of anything to the contrary, that the school directors are acting within the limits of the discretion with which they are entrusted. The power of the courts to interfere with school directors in the performance of their duties is exceedingly limited; and they are permitted to interfere only where it is made apparent that it is not discretion that is being exercised, but arbitrary will or caprice:" Gemmell et al. *v.* Fox, 241 Pa. 146.

Prior to the Amendment of 1925, above referred to, the law provided that the distance should be determined from that point in the public highway nearest the school children's home to the school "building." This was changed by the amendment referred to, so that the distance is computed to the nearest point of the school "ground."

It is reasonable to assume that the legislature intended by this change to vest some discretion in the boards of school directors of the various school districts in the state where conditions such as were shown in the present case existed. As an illustration, there might be a thickly-settled community centre a little more than three miles in length, accommodated by two one-room schools, with inadequate buildings or equipment, one located near each end thereof, but within one and one-half miles of the centre line. The school directors in a faithful discharge of their duties might find it advisable to replace such two said school buildings and schools by a modern, up-to-date, centralized graded school in the middle of said community centre.

Under the law as it existed before the above amendment, the school children residing at the extreme ends of this centre would be a few rods more than one and one-half miles from the school *building,* and the district would be compelled to furnish transportation to them. By the amendment, the board of school directors, in the exercise of an honest discretion (even though it might be for the purpose of avoiding such transportation), may acquire school grounds of such size and shape as to bring *all* of such scholars within one and one-half miles from the nearest point of the school *ground,* and thereby relieve the school district from compulsory transportation.

We are, therefore, of opinion, and find, that the nearest point of the school ground of the Van Fleet School to the point in the public highway where relator's children come upon the highway from their home is less than one and one-half miles.

If there is a clear legal duty resting upon the defendant school district to transport relator's children, we would certainly compel it to do so, but as we find the facts, relator's children do not live more than one and one-half miles from the nearest point of the school ground in question, and, therefore, no

Tillotson v. Leroy Township School District.

duty rests upon defendants to furnish such transportation. We believe there is no provision of our school law compelling free transportation of school children who reside less than one and one-half miles from the nearest point of the school ground to which they are assigned.

### Finding of fact.

We find, under the evidence and admissions in this case, that the point in the highway where the private road or way leading from relator's dwelling-house connects with such highway to the nearest point of the school ground of the Van Fleet School as it existed when the petition in this case was presented and the writ issued is less than one and one-half miles.

### Conclusion of law.

1. That mandamus is a proper remedy to compel a board of school directors to provide free transportation to pupils who are clearly entitled thereto.

2. That where such right of transportation exists, the father of such school children has such private right in the subject-matter as to enable him to maintain a writ of mandamus in his own name.

3. That the existence of a remedy in equity is not a bar to a proceeding by mandamus.

4. That the lot of land acquired Aug. 7, 1925, by defendant school district constitutes a part of the school ground of the Van Fleet School within the meaning of the law.

5. That the School District of Leroy Township is not by law required to furnish transportation to relator's children, because they do not reside one and one-half miles or more from the nearest point of such school ground.

And now, to wit, Feb. 1, 1926, the return of defendants is adjudged sufficient, the writ of alternative mandamus heretofore issued is dismissed, the writ of peremptory mandamus prayed for is refused and the School District of Leroy Township is directed to pay the record costs in this proceeding, not including the costs of relator's witnesses or subpœnaing the same.